08 CIV 6438

D. Maimon Kirschenbaum (DK 2448)
Charles E. Joseph (CJ-9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640
(212) 688-2548 (fax)

*Attorneys for Named Plaintiffs and the FLSA
Collective Plaintiffs*



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**JAMIE FARRELL and GENNARO SCOPO,**
**on behalf of themselves and other similarly**
**situated,**

               **Plaintiffs,**

      **v.**

**LITTLE WEST 12TH LLC d/b/a ONE**
**LITTLE WEST 12TH STREET, JONATHAN**
**SEGAL, and CELESTE FIERRO,**

            **Defendants.**
-------------------------------------------------------x

**COMPLAINT**

**FLSA COLLECTIVE ACTION AND**
**RULE 23 CLASS ACTION**

**DEMAND FOR JURY TRIAL**

     1.     Plaintiffs, on behalf of themselves and all others similarly situated, allege

as follows:

## **JURISDICTION AND VENUE**

     2.     This Court has original federal question jurisdiction under 28 U.S.C. §

1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201,

*et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law

claims, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3.    Venue is proper in this District because Defendant conducts business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

4.    All Defendants are hereinafter collectively referred to as "Defendants."

5.    Defendant Little West 12th LLC is a New York limited liability company. Defendant Little West 12th LLC operates One Little West 12th Street located in New York City.

6.    Defendants Jonathan Segal and Celeste Fierro are the owners of the Corporate Defendants and exercise sufficient control of their day to day operations to be considered Plaintiffs' employer under the Fair Labor Standards Act and New York state law. Additionally, upon information and belief, Defendants Segal and Fierro are liable for the wages of Plaintiffs and those similarly situated under New York Business Corporation Law § 630.

7.    Upon information and belief, Defendants operate under common ownership, share employees, are managed by the same individuals and subject their employees to the same policies and procedures, in particular policies and procedures relating to the violations alleged in this Complaint.

8.    Plaintiff Jamie Farrell was employed by Defendants as a server at One Little West 12th Street Restaurant within the last three years.

9.      Plaintiff Gennaro Scopo was employed by Defendants as a server at One Little West 12th Street Restaurant within the last three years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

10.      Plaintiffs bring the First Claim for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt persons employed by Defendants at any New York location in any tipped position on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

11.      At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

12.      The First Claim for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

3

## RULE 23 CLASS ALLEGATIONS – NEW YORK

13.    Plaintiffs bring the Second and Third Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non exempt persons employed by Defendant at any New York location in any tipped position on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

14.    All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

15.    The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

16.    Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation, and illegal retention of tips. Defendants'

4

corporate-wide policies and practices affected all Class members similarly, and

Defendants benefited from the same type of unfair and/or wrongful acts as to each Class

member. Plaintiffs and other Class members sustained similar losses, injuries and

damages arising from the same unlawful policies, practices and procedures.

17.    Plaintiffs are able to fairly and adequately protect the interests of the Class

and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys

who are experienced and competent in both class action litigation and employment

litigation and have previously represented plaintiffs in wage and hour cases.

18.    A class action is superior to other available methods for the fair and

efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously

prosecute a lawsuit against corporate defendants. Class action treatment will permit a

large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the unnecessary duplication of efforts and

expense that numerous individual actions engender. Because the losses, injuries and

damages suffered by each of the individual Class members are small in the sense

pertinent to a class action analysis, the expenses and burden of individual litigation would

make it extremely difficult or impossible for the individual Class members to redress the

wrongs done to them. On the other hand, important public interests will be served by

addressing the matter as a class action. The adjudication of individual litigation claims

would result in a great expenditure of Court and public resources; however, treating the

claims as a class action would result in a significant saving of these costs. The

prosecution of separate actions by individual members of the Class would create a risk of

inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

19.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

20.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)    Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law.

b)    Whether Defendant paid Plaintiffs and the Class members the minimum wage for all hours worked.

c)    What are and were the policies, practices, programs, procedures, protocols and plans of Defendant regarding the types of work and labor for which Defendant did not pay the Class members at all.

d)    At what common rate, or rates subject to common methods of

calculation, were and are Defendants required to pay the Class members for their work.

e)      Whether Defendant illegally retained portions of Plaintiffs' tips and the Class members' tips.

f)      Whether Plaintiffs were forced to share their tips with parties who are not entitled to their tips.

g)      Whether Plaintiffs were properly compensated for hours they worked in excess of 40 per week.

## FACTS

21.     Plaintiffs' consent to sue forms are attached hereto as Exhibit A.

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.     Defendant illegally retained substantial portions of Plaintiffs' tips. For example, whenever there was a party at the restaurant, Defendants charged the client a fixed gratuity of 20%. Defendants did not distribute the entire amount of this gratuity to tipped employees.

24.     Defendants did not properly compensated Plaintiffs for all hours worked, including hours Plaintiffs worked in excess of 40 per week.

25.     Defendants committed the foregoing acts against the Plaintiffs, the FLSA Collective Plaintiffs, and members of the Class.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage/Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
### Brought by Plaintiffs on Behalf of Themselves
### and the FLSA Collective Plaintiffs)

26.    Plaintiffs, on behalf of themselves and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

27.    Throughout the statute of limitations period covered by these claims, Plaintiffs and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

28.    At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Class members at one and one half times the minimum wage for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

29.    At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs for all hours worked, including hours worked in excess of forty (40) hours per workweek.

30.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

8

**SECOND CLAIM FOR RELIEF**
(New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*,
Brought by Plaintiffs on Behalf of
Themselves and the Class)

31.    Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

32.    Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class for all hours worked, including hours worked in excess of forty (40) hours per workweek.

33.    As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

34.    Plaintiffs do not seek liquidated damages for this claim.

**THIRD CLAIM FOR RELIEF**
(Illegal Pay Deductions and Deductions from Gratuities,
N.Y. Lab. L. § § 196-d and 198-b
Brought by Plaintiffs on Behalf of
Themselves and the Class)

35.    Plaintiffs, on behalf of themselves and the Class members, reallege and incorporate by reference all previous paragraphs.

36.    Defendants retained portions of Plaintiffs' tips and Class members' tips.

37.    As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

38.    Plaintiffs do not seek liquidated damages for this claim.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.    Designation of this action as a class action pursuant to F.R.C.P. 23.

D.    Designation of Plaintiffs as Representatives of the Class.

E.    An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F.    Penalties available under applicable laws;

G.    Costs of action incurred herein, including expert fees;

H.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L.

§ 663 and other applicable statutes;

I.    Pre-Judgment and post-judgment interest, as provided by law; and

J.    Such other and further legal and equitable relief as this Court deems

necessary, just and proper.

Dated:  New York, New York        Respectfully submitted,
        July 17, 2008

                                  JOSEPH & HERZFELD LLP

                                  By:
                                  _____
                                  D. Maimon Kirschenbaum (DK-2338)

                                  Charles E. Joseph (CJ-9442)
                                  757 Third Avenue
                                  25th Floor
                                  New York, NY 10017
                                  Tel: (212) 688-5640
                                  Fax: (212) 688-2548

                                  *Attorney for Plaintiffs, proposed collective
                                  action members and proposed class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with

respect to which they have a right to jury trial.

11